UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KRUSELL,

                Plaintiff,                          Hon. Paul L. Maloney

v.                                              Case No. 1:24-CV-731

ANGELA SNYDER, et al.,

                Defendants.

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff initiated this action against Dr. Merrit Vogel and Emmet County Probate Judge, the Honorable Valerie Snyder.[1]  (ECF No. 1).  Because Plaintiff has been permitted to proceed as a pauper (ECF No. 5), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

---

[1] In the caption of his complaint, Plaintiff identifies one of the defendants as Emmet County Probate Judge Angela Snyder.  There does not appear to be any such individual serving in Emmet County.  The Honorable Valerie Snyder, however, serves as a probate judge in Emmet County.  In the body of his complaint, Plaintiff's allegations are asserted against Judge Valerie Snyder.  The Court assumes, therefore, that this is the individual against whom Plaintiff's complaint is asserted.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.*  As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

2

*Id.* at 678-79 (internal citations omitted).

The gravamen of Plaintiff's complaint is his dissatisfaction with the decisions and rulings issued by Judge Snyder in what appears to be an ongoing state court criminal action.   Plaintiff's complaint must be dismissed for several reasons.

As has long been recognized, federal courts should abstain from interfering in on-going state criminal matters "unless extraordinary circumstances are present." *Marjamaa v. Mitchell*, 2019 WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger v. Harris*, 401 U.S. 37, 44-55 (1971)).   Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in an on-going state criminal matter.   *Marjamaa*, 2019 WL 5853486 at *2.

Moreover, to the extent Plaintiff seeks to impose civil liability against Judge Snyder such claims must be dismissed because Judge Snyder enjoys absolute judicial immunity.   *See, e.g., Lawrence v. Pelton*, 413 F.Supp.3d 701, 710 (W.D. Mich. 2019). Next, with respect to Dr. Vogel, Plaintiff has failed to allege facts which, if proven, allege a plausible claim for relief.   In fact, Plaintiff advances no factual allegations against Dr. Vogel.   Finally, to the extent Plaintiff seeks to advance a civil claim based on his allegations that Defendants violated 18 U.S.C. §§ 241 and 242, such must be dismissed as neither statute affords Plaintiff a private right of action.   *See, e.g., Miller v. Akron Bar Association, Attorney Referral*, 2019 WL 2717964 at *1 (N. D. Ohio, June 28, 2019).

3

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 26, 2024                         /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge

4